tion by Elmore T. Reilly against William Connors. No opinion. Judgment of the municipal court affirmed by default, with costs.

REIMERS, Appellant, v. SCHMITT, Respondent. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Bernhardt N. Reimers against Christina Schmitt. No opinion. Application to substitute trustee in bankruptcy granted, without costs.

RICHARDSON, Appellant, v. BORRILL, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Lulu Richardson against Albert Borrill. G. A. C. Barnett, for appellant. William Henry Knox, for respondent.

PER CURIAM. A judgment in favor of the plaintiff was reversed by this court in June, 1900. 32 Misc. Rep. 718, 65 N. Y. Supp. 1144. The evidence upon the present trial is substantially the same that was presented then, except that on this trial the plaintiff herself did not testify. The action is in replevin for certain household furniture claimed to have been sold by plaintiff's mother to defendant, and of which plaintiff asserts ownership. The evidence as to her ownership is very hazy and most unsatisfactory. Even if some of it belonged to her, she allowed her mother to exercise dominion over it, and can scarcely have been ignorant of the transaction between her mother and the defendant. It was attempted to be shown that the mother expressly exempted the goods from the sale to the defendant, but the documentary evidence in the case made strongly against this contention, and the efforts of the witness to explain away her receipts and bill of sale were not convincing. On the whole, we are of opinion that the case was rightly decided. Judgment affirmed with costs.

RICHTER v. NIMMO. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Oscar Richter, trustee, etc., against Andrew Nimmo. No opinion. Motion for reargument denied. Motion to resettle order granted, by inserting leave to the defendant to answer on payment of $20 costs within 10 days.

RIDER, Respondent, v. SYRACUSE RAPID TRANSIT RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 8. 1901.) Action by Jane Rider, as administratrix, etc., against the Syracuse Rapid Transit Railway Company. No opinion. Judgment and order affirmed, with costs.

RUMSEY, J., not sitting.

RIDER, Respondent, v. SYRACUSE RAPID TRANSIT RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. October 18, 1901.) Action by Jane Rider, as administratrix, etc., against the Syracuse Rapid Transit Railway Company. No opinion. Motion for leave to appeal to the court of appeals granted; this court certifying that the case involves a question of law which requires the determination of that court.

RIKER, Respondent, v. NEW YORK, O. & W. RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 23, 1901.) Action by Henry Riker against the New York, Ontario & Western Railway Company. No opinion. Motion denied.

ROBERSON v. ROCHESTER FOLDING BOX CO. et al. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Action by Abigail M. Roberson, an infant, against Rochester Folding Box Company and another. No opinion. Motion for leave to appeal to the court of appeals granted. Questions certified to the court of appeals filed with the clerk.

ROBERTS, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Beatrice Roberts against the Brooklyn Heights Railroad Company.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulate to reduce recovery of damages to the sum of $5,000 and extra allowance proportionately, in which case the judgment, as modified, is affirmed, without costs of this appeal to either party.

GOODRICH, P. J., and WOODWARD and SEWELL, JJ., concur. HIRSCHBERG and JENKS, JJ., vote for affirmance.

ROCHESTER BAR ASS'N v. MONROE. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) In the matter of the charges of the Rochester Bar Association against Charles Wilbur Monroe. No opinion. Report of referee confirmed. Ordered that the defendant be removed from the office of attorney and counselor at law.

ROCHMOVITZ, Respondent, v. SEWARD, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Henry Rochmovitz against Perceval H. Seward. M. Monfried, for appellant. D. W. Rockmore, for respondent.

PER CURIAM. It would seem unfair to allow the defendant to amend and increase the original specifications he had submitted to plaintiff, and which he had accepted in writing. That end should have been sought in a more mutual manner. Judgment affirmed, with costs.

ROQUETTE, Respondent, v. TOTTEN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by William F. B. Roquette against William H. Totten. John J. Buckley, for appellant. Abraham B. Schleimer, for respondent. No opinion. Judgment affirmed, with costs.

ROSALER, Appellant, v. GREENBERG, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Joseph Rosaler against

Frank Greenberg. Bernhard Ginsberg, for appellant. Abraham B. Schleimer, for respondent. No opinion. Judgment affirmed, with costs.

---

ROSCOE LUMBER CO., Respondent, v. STEINWAY et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Roscoe Lumber Company against Steinway & Sons, impleaded with others. No opinion. Judgment affirmed on law and facts, with costs.

---

ROSEN, Respondent, v. SILVERMAN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Frank E. Rosen against Jacob Silverman. C. S. Rosenthal, for appellant. A. I. Spiro, for respondent.

PER CURIAM. Granting the power of the court below to grant the motion of the plaintiff's counsel, after resting his case and over the defendant's objection and exception, to change the cause of action from a sale and delivery of merchandise to one for damages for the breach of a contract for the sale and delivery of personalty, that will not uphold a judgment given for the purchase price. Such measure of damages is manifestly inaccurate, enabling the plaintiff to recover the price and retain the property. The correct measure of damage is the difference between the contract price and the value of the property at the time of the breach. Judgment reversed, and new trial ordered, with costs to abide the event.

---

ROYSTONE, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Mary Roystone, administratrix, etc., of Frank P. Roystone, deceased, against the Brooklyn Heights Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs, on authority of Weiler v. Railway Co., 53 Hun, 372, 6 N. Y. Supp. 320, affirmed in 127 N. Y. 669, 28 N. E. 255.

---

RUSH, Respondent, v. KLEIN, Appellant. (City Court of New York, General Term. May, 1901.) Action by Thomas E. Rush against Mary Klein. Menken Bros. (Mortimer M. Menken, of counsel), for appellant. J. Harry Hull (Chas. W. Ridgway, of counsel), for respondent.

HASCALL, J. The appellant, by the answer interposed, is in position to contest each item of the plaintiff's claim, thus bringing this case within Spence v. Simis, 137 N. Y. 616, 33 N. E. 554; and we therefore decide that the order appealed from was properly made. Order affirmed, with costs and disbursements to respondent. Order affirmed, with costs to respondent.

CONLAN and O'DWYER, JJ., concur.

---

RUSH, Respondent, v. KLEIN, Appellant. (City Court of New York, General Term. May, 1901.) Action by Thomas E. Rush against Mary Klein. Menken Bros. (Mortimer M. Menken, of counsel), for appellant. J. Harry Hull (Chas. W. Ridgway, of counsel), for respondent.

HASCALL, J. Under all the circumstances disclosed by the papers upon which the attachment was founded, and conforming with the dictum of the court in Blood v. Kane, 130 N. Y. 517, 29 N. E. 994, 15 L. R. A. 490, it seems to us that the order must be left undisturbed. Order affirmed, with costs and disbursements to respondent. Order affirmed, with costs to respondent.

CONLAN and O'DWYER, JJ., concur.

---

RYDER, Respondent, v. DUFFY, Appellant. (City Court of New York, General Term. May, 1901.) Action by George W. Ryder against Patrick Duffy. Benj. G. Paskusz, for appellant. Hays & Greenbaum (Maxwell Davidson, of counsel), for respondent.

HASCALL, J. It appears to us, from a careful reading of all the testimony, that this appeal should succeed. There was no sufficient proof of ownership in Horan at the time of Ryder's alleged acquisition of the property, or prior thereto; no sufficient proof of demand; no adequate or proper proof of value; no evidence of the requisites needful to maintain the alleged detention or conversion, to go to the jury. But what of competent evidence there was on both sides points to and confirms substantiation of the allegations of the defendant. Plaintiff did not successfully sustain the burden of proof, and we think it was error of the learned court below to refuse defendant's motion for nonsuit. Plaintiff's remedy would seem to be against Horan alone. Judgment should be reversed, and the complaint dismissed, with costs of appeal and of action to the appellant. Judgment reversed, and complaint dismissed, with costs to appellant.

CONLAN and O'DWYER, JJ., concur.

---

SAFFIER, Appellant, v. MOTCHKOL, Respondent. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Sam Saffier against Yon Motchkol. From a judgment in favor of defendant, plaintiff appeals. Reversed. Abraham B. Schleimer, for appellant.

PER CURIAM. This judgment was entered upon a written stipulation, signed by the defendant's attorney, that, in consideration of the plaintiff refraining from issuing execution one week, the answer should be withdrawn and judgment should be taken against him for the claim demanded. The magistrate held that the plaintiff must nevertheless prove his case. Assuming this rule to be correct, we are of opinion that the case was proven. There is some obscurity as to the time when the demands for return of the property were made, but it